UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JANE DOE,<br><br>Plaintiff,<br><br>-against-<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>Defendants. | 26-CV-7731 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* as a Jane Doe, brings this action, which is styled as a qui tam action, asserting claims under the False Claims Act ("FCA"), 31 U.S.C. § 3729. She seeks to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees to bring this action. (ECF 2.) Plaintiff also has filed an application seeking the appointment of pro bono counsel. (ECF 5.) As set forth in this order, the Court denies Plaintiff's application seeking the appointment of counsel and grants her 60 days' leave to retain counsel.

## DISCUSSION

### A. Pro bono application

The IFP statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.*

In *Hodge*, the Court of Appeals for the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. *Id.* at 61-62. First,

a self-represented party must demonstrate that she is indigent, for example, by successfully applying for leave to proceed IFP. The court must then consider whether the party's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*

Plaintiff seeks the appointment of pro bono counsel because, as discussed below, she cannot proceed with this action without the appearance of counsel. At this stage, however, it is too early in the proceedings to determine whether the appointment of counsel is warranted. Accordingly, the Court denies Plaintiff's application without prejudice to her renewing her request at a later stage.

**B. Order to retain counsel and serve the government**

The FCA imposes civil liability on anyone who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a). The federal government, or a private person (known as a "relator"), may bring suit for the United States of America in a qui tam action asserting claims arising from instances in which there has been fraud on the federal government. 31 U.S.C. § 3730(a), (b)(1)*; see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).

As noted above, this purported qui tam action cannot proceed unless Plaintiff obtains representation by an attorney.[1] Accordingly, because Plaintiff cannot proceed *pro se* in this purported qui tam action, the Court grants her 60 days to retain an attorney, who must file a notice of appearance within 60 days of this order.

The Court advises Plaintiff that 31 U.S.C § 3730(b)(2) authorizes the court to keep this action open and under seal for the limited purpose of providing the federal government the opportunity to investigate the claims raised in her complaint. Accordingly, Plaintiff also must serve the federal government. She can do this by registered or certified mail and include a copy of the complaint and all supporting papers to the office of the Attorney General of the United States and to the office of the United States Attorney for the Southern District of New York. *See* Fed. R. Civ. P. 4(i). Plaintiff must then file a certificate of service in this action, certifying that she served the federal government.

**CONCLUSION**

The Court grants Plaintiff 60 days' leave to retain an attorney for this action. Counsel for Plaintiff must file a notice of appearance in this action within 60 days of this order.

[1] Relators, such as Plaintiff, act as "partial-assignees of the United States' claim to recovery," *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008); the federal government, however, "remains the real party in interest in any such action," *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (internal quotation marks and citation omitted). In order to proceed *pro se*, "[a] person must be litigating an interest personal to [her]." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see* 28 U.S.C. § 1654. Because a *qui tam* action is "not the relator's 'own' case . . . , nor one in which [s]he has 'an interest personal to [her],'" an individual cannot pursue such an action *pro se*. *Flaherty*, 540 F.3d at 93; *see id.* ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*." (citing § 1654 and *Iannaccone*, 142 F.3d at 558)).

Under the FCA, 31 U.S.C § 3730(b)(2), Plaintiff must serve a copy of the complaint and any supporting documentation on the United States Attorney General and the United States Attorney for the Southern District of New York. Plaintiff also is directed to file a certificate of service, certifying that she served the government.

The Court reserves judgment on Plaintiff's IFP application (ECF 2).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court respectfully directs the Clerk of Court to mail a copy of this order to Plaintiff at her address of record; the docket event of the mailing of this order should not, however, include that address.

SO ORDERED.

Dated: October 20, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge